Gary S. Graifman
**KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.**
210 Summit Avenue
Montvale, New Jersey 07645
Fax: (201) 307-1088
Tel: (201) 391-7000
GGraifman@kgglaw.com

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Mitchell M.Z. Twersky (admitted *pro hac vice*)
One Penn Plaza, Suite 2805
New York, New York 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
MTwersky@aftlaw.com

*Counsel for Lead Plaintiff*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALI VANDEVAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN RENAL ASSOCIATES HOLDINGS, INC., JOSEPH A. CARLUCCI, JASON M. BOUCHER, and JONATHAN L. WILCOX,<br><br>Defendants. | Case No.  2:19-cv-09074-ES-MAH<br>Honorable Esther Salas<br><br>**LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Buck v. Hampton Twp. Sch. Dist.*,
    452 F.3d 256 (3d Cir. 2006) ........................................................................................4

*City of Miami Gen. Employees' Ret. Trust v. RH, Inc.*,
    302 F. Supp. 3d 1028 (N.D. Cal. 2018)........................................................................5

*Ctr. for Cmty. Action & Envtl. Justice v. Friends of Riverside Airport, LLC*,
    No. EDCV 17-1091 JGB (KKx), 2017 WL 10511577
    (C.D. Cal. Sept. 28, 2017) ...........................................................................................5

*Earnshaw v. Chesapeake Appalachia, L.L.C.*,
    No. 3:19-CV-1479, 2019 WL 7172165 (M.D. Pa. Dec. 23, 2019).................................2

*Gewirtz v. Opko Health, Inc.*,
    230 F. Supp. 3d 440 (E.D. Pa. 2017)............................................................................3

*In re Envision Healthcare Corp.*,
    No. 18-1068-RGA, 2019 WL 3494407 (D. Del. Aug. 1, 2019) .....................................2

*In re NAHC, Inc. Sec. Litig.*,
    306 F.3d 1314 (3d Cir. 2002) .......................................................................................3

*In re New Century TRS Holdings, Inc.*,
    502 B.R. 416 (Bankr. D. Del. 2013)..............................................................................5

*In re Synchronoss Sec. Litig.*,
    705 F. Supp. 2d 367 (D.N.J. 2010)................................................................................3

*In re Vicuron Pharm., Inc. Sec. Litig.*,
    No. 04-2627, 2005 WL 2989674 (E.D. Pa. July 1, 2005).............................................3

*Kramer v. Time Warner, Inc.*,
    937 F.2d 767 (2d Cir. 1991) .........................................................................................2

*Lum v. Bank of Am.*,
    361 F.3d 217 (3d Cir. 2004) .........................................................................................2

i

*Lupin Atlantis Holdings v. Ranbaxy Labs., Ltd.*,
   No. 10-3897, 2011 WL 1540199 (E.D. Pa. Apr. 21, 2011) ............................4

*Lustgraaf v. Behrens*,
   619 F.3d 867 (8th Cir. 2010) ........................................................................3

*Oran v. Stafford*,
   226 F.3d 275 (3d Cir. 2000) ......................................................................2, 4

*Oxford Asset Mgmt., Ltd. v. Jaharis*,
   297 F.3d 1182 (11th Cir. 2002) .....................................................................3

*Papasan v. Allain*,
   478 U.S. 265 (1986).......................................................................................5

*Pryor v. Nat'l Collegiate Athletic Ass'n*,
   288 F.3d 548 (3d Cir. 2002) ..........................................................................4

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*,
   181 F.3d 410 (3d Cir. 1999) ......................................................................2, 4

*Staehr v. Hartford Fin. Servs. Group, Inc.*,
   547 F.3d 406 (2d Cir. 2008) ..........................................................................3

*Tal v. Hogan*,
   453 F.3d 1244 (10th Cir. 2006) .....................................................................3

*Vrakas v. U.S. Steel Corp.*,
   No. 17-579, 2018 WL 4680314 (W.D. Pa. Sept. 29, 2018) ..........................3

*Werner v. Werner*,
   267 F.3d 288 (3d Cir. 2001) ..........................................................................5

*Zak v. Chelsea Therapeutics Intern., Ltd.*,
   780 F.3d 597 (4th Cir. 2015) .........................................................................5

ii

Lead Plaintiff the City of Hialeah Employees' Retirement System hereby responds to Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss, filed January 17, 2020 (Dkt. No. 38-22) (hereafter, "Defs. Request").

Defendants request that the Court take judicial notice of Exhibits 2 to 19 to the Declaration of Gregory Mortenson in Support of Defendants' Motion to Dismiss (Dkt. No. 38-2).[1] Exhibits 2 to 5 and Exhibits 7 to 19 are documents that Defendants filed with the U.S. Securities and Exchange Commission (the "SEC"). Under applicable law, on a motion to dismiss, a court may take judicial notice of such documents only to establish that certain matters were publicly asserted and not for the truth of the matters asserted. "[W]hen considering a public record on a motion to dismiss, the record can only be considered for its existence, not for the truth of the facts contained therein." *Earnshaw v. Chesapeake Appalachia, L.L.C.*, No. 3:19-CV-1479, 2019 WL 7172165, at *3 (M.D. Pa. Dec. 23, 2019). *See Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) ("While a prior judicial opinion constitutes a public record of which a court may take judicial notice, it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion."); *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000)

---

[1] *See* Mortenson Declaration ("Mortensen Dec.") Ex. 2 (Dkt. No. 38-4) to Ex. 19 (Dkt. No. 38-21).

("'[T]he documents are the very documents alleged to contain the various misrepresentations or omissions and are relevant not to prove the truth of their contents but only to determine what the documents stated.'") (quoting and finding "persuasive" *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410, 426-27 & n.7 (3d Cir. 1999) ("[O]n a motion to dismiss, we may take judicial notice of another court's opinion – not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."); *In re Envision Healthcare Corp.*, No. 18-1068-RGA, 2019 WL 3494407, at *10 (D. Del. Aug. 1, 2019) ("The law is well-established that the court may take judicial notice of properly-authenticated public disclosure documents filed with the SEC, without regard to the truth of the matters asserted within them."); *Vrakas v. U.S. Steel Corp.*, No. 17-579, 2018 WL 4680314, at *5 (W.D. Pa. Sept. 29, 2018) ("While the Court may take notice of such documents for what they state, the Court must be cautious not to take notice of the truth of any matters that can be reasonably contested.") (citing *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314 1331 (3d Cir. 2002)); *Gewirtz v. Opko Health, Inc.*, 230 F. Supp. 3d 440, 445-46 & n.36 (E.D. Pa. 2017) ("SEC filings may not be considered for the truth of their contents on a motion to dismiss. Thus, the Court may not simply accept the Form S-8 as proof that Plaintiffs' options were subject to the Equity Incentive Plan, and dismissal is not

2

warranted.") (footnotes omitted); *In re Synchronoss Sec. Litig.*, 705 F. Supp. 2d 367, 390-91 & n.35 (D.N.J. 2010) ("[T]here is a distinction between the existence of judicial records and the truth of the facts recorded …"); *In re Vicuron Pharm., Inc. Sec. Litig.*, No. 04-2627, 2005 WL 2989674, at *2 (E.D. Pa. July 1, 2005) ("Matters of public record, such as press releases and statements filed with the SEC may not be considered for their truth, but only to determine what was said.").[2] "Our Court of Appeals has regularly held that a district court, in ruling on a motion to dismiss under Rule 12(b)(6), can only consider materials outside the pleadings to establish the truth of their existence, not the truth of their contents." *Lupin Atlantis Holdings v. Ranbaxy Labs., Ltd.*, No. 10-3897, 2011 WL 1540199, at *3 n.8 (E.D. Pa. Apr. 21, 2011) (citing *Lum*, *Oran*, and *S. Cross*).

 *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006), the only case Defendants cite in support of their statement that various SEC filings referenced in the Complaint may be considered "for the truth of the matters asserted" (Defs.

---

[2] *See also Lustgraaf v. Behrens*, 619 F.3d 867, 885 (8th Cir. 2010) ("[T]o the extent that the district court took judicial notice of the truth of the document's content, this was an abuse of discretion."); *Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 425-26 (2d Cir. 2008) ("[T]he District Court did not abuse its discretion in denying Appellants' motion to strike the materials submitted by Appellees for judicial notice purposes. … None of those materials were offered for the truth of the matter asserted.") (citing cases); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("The documents may only be considered to show their contents, not to prove the truth of matters asserted therein.").

Request at 2-3), is not to the contrary. In *Buck*, an employment discrimination case, the sole issue before the court was the plaintiff's failure to properly verify her charge as required. 452 F.3d at 258. The court noted only that, in evaluating a motion to dismiss, documents attached to or submitted with the complaint may be considered. *Id.* at 260. The court made no comment to the effect that such documents may be considered to establish the truth of what they say. Indeed, *Buck* cites to *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548 (3d Cir. 2002), which held, consistent with *Lum*, *Oran*, and *S. Cross*:

> Applying these principles, we discern no error with the district court's references to the *Cureton* litigation, as the body of the complaint itself expressly references the findings and statements made in that factually similar case. Contrary to Plaintiff's argument, moreover, ***the district court did not appear to cite Cureton for purposes of assessing the truth of the factual allegations in this case***, much less for applying principles of claim or issue preclusion or law of the case; rather, the court cited *Cureton* as precedent only.

288 F.3d at 560 (emphasis added).

Further, Defendants may not use their exhibits on this motion to establish any facts that are in dispute in the litigation. Fed. R. Evid. 201(b) provides that a court may judicially notice an adjudicative fact "that is not subject to reasonable dispute." *See Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001) ("A court may take judicial notice of an adjudicative fact if that fact is not subject to reasonable dispute.").

Plaintiff also objects that almost all of Defendants' exhibits are missing pages and are not complete copies of the actual SEC filings. *See* Mortenson Dec., Exhibits

4

2-4, 7, 8, 11-19. "Courts frequently decline to take judicial notice of filings which are incomplete or truncated." *City of Miami Gen. Employees' Ret. Trust v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 n.1 (N.D. Cal. 2018). *See In re New Century TRS Holdings, Inc.*, 502 B.R. 416, 424 (Bankr. D. Del. 2013) (declining to take judicial notice of incomplete SEC filing); *Ctr. for Cmty. Action & Envtl. Justice v. Friends of Riverside Airport, LLC*, No. EDCV 17-1091 JGB (KKx), 2017 WL 10511577, at *5 (C.D. Cal. Sept. 28, 2017) (declining to take judicial notice of incomplete exhibit).

Moreover, even "when a court considers relevant facts from the public record at the pleading stage, the court must construe such facts in the light most favorable to the plaintiffs." *Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). *See also Papasan v. Allain*, 478 U.S. 265, 283 (1986) ("Construing these facts and relevant facts obtained from the public record in the light most favorable to the petitioners, we must ascertain whether they state a claim on which relief could be granted.").

For all the foregoing reasons, Lead Plaintiff respectfully requests that Defendants' Request for Judicial Notice be denied as to Exhibits 2-4, 7, 8, 11-19, which are incomplete, and otherwise that the Court's consideration of any exhibit of which it takes judicial notice be limited in accordance with applicable law, as set forth herein.

Dated: February 24, 2020    Respectfully Submitted,

By: /s/  *Gary S. Graifman*
Gary S. Graifman
**KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.**
210 Summit Avenue
Montvale, NJ 07645
Tel: (201) 391-7000
Fax: (201) 307-1088
GGraifman@kgglaw.com

*Liaison Counsel*

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Mitchell M.Z. Twersky (admitted *pro hac vice*)
Atara Hirsch (admitted *pro hac vice*)
Todd Kammerman
Sean M. Handron-O'Brien (admitted *pro hac vice*)
One Penn Plaza, Suite 2805
New York, New York 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
MTwersky@aftlaw.com
AHirsch@aftlaw.com
TKammerman@aftlaw.com
Shandronobrien@aftlaw.com

  -and-

Ian D. Berg (admitted *pro hac vice*)
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (858) 764-2580
Fax: (858) 764-2582
IBerg@aftlaw.com

*Counsel for the City of Hialeah General Employees'
Retirement System, and Lead Counsel*

6