Mitchell M.Z. Twersky (*admitted pro hac vice*)
Atara Hirsch (admitted *pro hac vice*)
Todd Kammerman, Esq.
Sean M. Handron-O'Brien (admitted *pro hac vice*)
**ABRAHAM, FRUCHTER &**
**TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, NY 10119
(212) 279-5050

*Lead Counsel for the Class*

[additional counsel listed on signature block]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALI VANDEVAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN RENAL ASSOCIATES HOLDINGS, INC., JOSEPH A. CARLUCCI, JASON M. BOUCHER, and JONATHAN L. WILCOX,<br><br>Defendants. | Case No. 2:19-cv-09074-ES-MAH<br>Honorable Michael A. Hammer<br><br>**MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION FOR: (1) FINAL APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION; AND (2) AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND AN AWARD TO PLAINTIFF** |

Lead Plaintiff City of Hialeah Employees' Retirement System ("Hialeah" or

"Lead Plaintiff") and Lead Counsel respectfully submit this memorandum in further

support of Lead Plaintiff's Motion For: (1) Final Approval of the Settlement and

Plan of Allocation; and (2) An Award of Attorneys' Fees, Reimbursement of Expenses and An Award to Plaintiff.  *See* ECF No. 58.[1]

**The Reaction of the Class Strongly Supports Approval of the Settlement, the Plan of Allocation and the Requested Fees and Expenses**

As discussed in Lead Plaintiff's opening papers and in accordance with the Court's Preliminary Approval Order (ECF No. 56), the Notice was mailed to 12,021 potential Class Members. *See* Supplemental Declaration of Charles Ferrara Regarding Mailing Of The Notice and Updated Report On Requests For Exclusion And Objections ("Ferrara Supplemental Decl."), ¶3, which is being filed concurrently herewith.[2] In addition, a copy of the Notice, the Proof of Claim form, the Stipulation and its exhibits, the Consolidated Amended Complaint and the Preliminary Approval Order were posted on the Website dedicated to the Settlement. *See* Ferrara Decl., ¶10; *see also* https://www.americanrenalsecuritieslitigation.com.

The Notice provided information about the terms of the proposed Settlement, which includes a Class recovery amount of $5,775,000, the terms of the Plan of Allocation, and Lead Plaintiff's application for attorneys' fees not to exceed 30% of

---

[1] Unless stated otherwise, all capitalized terms used in this Memorandum but not defined herein have the same meaning as defined in Lead Plaintiff's opening papers submitted on December 15, 2020 in support of this Motion.  ECF No. 58.

[2] Pursuant to the Court's Preliminary Approval Order, Angeion, beginning on October 2, 2020, mailed the Notice and the Proof of Claim form to potential Class Members or representatives.  *See* Ferrara Decl. (ECF No. 58-4), ¶¶5-7.

the Settlement Amount, for the reimbursement of expenses not to exceed $100,000 and for an Award to Plaintiff not to exceed $7,500. *See* Notice (ECF No. 58-4, Exhibit A) at 1, 5-7. Information was also provided as to the right of Class Members to object to the proposed Settlement, the Plan of Allocation and/or the request for attorneys' fees, reimbursement of expenses and an Award to Plaintiff, and that the deadline to file an objection was December 22, 2020. *See* Notice (ECF No. 58-4, Exhibit A) at 2, 9.

The deadline for submitting objections to the Settlement has passed. *See* Preliminary Approval Order, ¶25; *see also* Ferrara Supplemental Decl., ¶5. As of the date of this filing, no objections have been received from any Class Members as to any aspect of the Settlement, the Plan of Allocation or the request for an award of attorneys' fees, the reimbursement of expenses and an Award to Plaintiff. *See* Ferrara Supplemental Decl., ¶5.

As Lead Plaintiff demonstrated in its Memorandum of Law in Support of Motion For Final Approval of the Settlement and Plan of Allocation filed on December 15, 2020, the Class' reaction is an important factor in determining whether the Settlement should be approved. *See* ECF No. 58-1 at 33-34. Here, the Class overwhelmingly supports the Settlement as reflected in the fact that no member of the Class, which includes many sophisticated institutional investors, submitted any objections to the Settlement. Such strong support is grounds for the

Court to grant final approval of the Settlement. *See, e.g., In re NFL Players Litig.*, 821 F.3d 410, 438 (3d Cir. 2016) (objections and exclusion requests from one percent of the class favors settlement approval); *James v. Glob. Tel\*Link Corp.*, No. 2:13-CV-04989-WJM-MF, 2020 WL 6197511, at \*5 (D.N.J. Oct. 22, 2020) (absence of objections and small number of exclusion requests "strongly weighs in favor of approval of the Settlement"); *In re Valeant Pharm. International Inc., Sec. Litig.*, No. 3:15-CV-07658-MAS-LHG, 2020 WL 3166456, at \*8 (D.N.J. June 15, 2020) (four objections show that the class favors approval of the settlement); *see also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 118 (2d Cir. 2005) (a small number of objections is indicative of the adequacy of the settlement).

Similarly, no Class Member has objected to the Plan of Allocation or the application for an award of attorneys' fees, the reimbursement of expenses or an Award to Plaintiff. This lack of objection is also strong evidence for approval of the Plan of Allocation (*see*, *e.g.*, *In re Lucent Techs., Inc., Sec. Litig.*, 307 F. Supp. 2d 633, 649 (D.N.J. 2004) (no objections to plan of allocation supports finding it to be fair, reasonable and adequate); *In re Valeant Pharm. International Inc., Sec. Litig.*, 2020 WL 3166456, at \*8, \*10 (only one objection to the plan of allocation and four total objections to aspects of the settlement show the class' approval; court finds the settlement, plan of allocation and requested attorneys' fees to be fair, reasonable and adequate)) and the request for attorneys' fees. *See*, *e.g.*, *In re Valeant Pharm.*

*International Inc., Sec. Litig.*, 2020 WL 3166456, at \*12 (two objections to the request for attorneys' fees indicates the class' support for the request); *Chemi v. Champion Mortg.*, No. 2:05-CV-1238(WHW), 2009 WL 1470429, at \*11 (D.N.J. May 26, 2009) (absence of objections weighs in favor of plaintiffs' fee request); *In re Elec. Carbon Prod. Antitrust Litig.*, 447 F. Supp. 2d 389, 406 (D.N.J. 2006) ("The absence of objections to a fee request, or the imposition of minimal objections, is seen as an indicator that the fee request is fair."); *see also* ECF No. 58-2 at 11-12.

**Conclusion**

For the reasons set forth herein and in its opening memoranda and the other papers submitted in support of final approval of the Settlement and Plan of Allocation and for an award of attorneys' fees, reimbursement of expenses and an Award to Plaintiff, and following the extensive Notice program, Lead Plaintiff and Lead Counsel respectfully submit that the Settlement is a substantial recovery for the Class, and that the Plan of Allocation of the Settlement proceeds is a fair and equitable method for distributing the Net Settlement Fund. In addition, the fees and reimbursement of expenses requested by Lead Plaintiff are reasonable and should be awarded in the amounts sought, and the Award to Plaintiff is a reasonable amount for the work performed by Lead Plaintiff and should be awarded. *See* ECF Nos. 58-2 and 58-7.

Accordingly, it is respectfully requested that the Court grant Lead Plaintiff's motion for final approval of the Settlement and Plan of Allocation, and the requested award for attorneys' fees, reimbursement of expenses and the Award to Plaintiff.

Dated:  January 5, 2021                    Respectfully submitted,


By:  /s/ Todd Kammerman
     Todd Kammerman
**ABRAHAM, FRUCHTER &
TWERSKY, LLP**
Mitchell M.Z. Twersky (admitted *pro hac vice*)
Atara Hirsch (admitted *pro hac vice*)
Todd Kammerman
Sean M. Handron-O'Brien (admitted *pro hac vice*)
One Penn Plaza, Suite 2805
New York, New York 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
MTwersky@aftlaw.com
AHirsch@aftlaw.com
TKammerman@aftlaw.com
Shandronobrien@aftlaw.com

  -and-

Ian D. Berg (admitted *pro hac vice*)
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (858) 764-2580
Fax: (858) 764-2582
IBerg@aftlaw.com

*Counsel for Lead Plaintiff City of Hialeah Employees' Retirement System and Lead Counsel for the Class*

- 6 -

Gary S. Graifman
**KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.**
210 Summit Avenue
Montvale, NJ 07645
Tel: (201) 391-7000
Fax: (201) 307-1088
GGraifman@kgglaw.com

*Liaison Counsel for the Class*