# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ALI VANDEVAR, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

AMERICAN RENAL ASSOCIATES HOLDINGS, INC., JOSEPH A. CARLUCCI, JASON M. BOUCHER, and JONATHAN L. WILCOX,

Defendants.

Case No. 2:19-cv-09074-ES-MAH

Honorable Michael A. Hammer

## [~~PROPOSED~~] ORDER AUTHORIZING DISTRIBUTION OF THE NET SETTLEMENT FUND

WHEREAS, by its Order dated January 12, 2021 (ECF No. 63), the Court granted final approval to the Settlement of the above-captioned Action as provided in the Stipulation and Agreement of Settlement and attached exhibits, which were filed with the Court on June 25, 2020 (the "Stipulation") (ECF No. 50-3), including the Plan of Allocation for distributing the Net Settlement Fund to Settlement Class Members who were Authorized Claimants; and

WHEREAS, as set forth in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") (ECF No. 58-4, Exhibit A), the deadline for

2

Settlement Class Members to submit Proof of Claim and Release forms ("Proofs of Claim") to the claims administrator for the Settlement, Angeion Group ("Angeion" or the "Claims Administrator"), in order to participate in the distribution of the Net Settlement Fund was January 4, 2021, which is extended to July 30, 2025; and

WHEREAS, the process of reviewing all Proofs of Claim has been completed; and

WHEREAS, Lead Counsel now seeks authorization to distribute the proceeds of the Net Settlement Fund to Authorized Claimants, after deduction of any taxes, fees and expenses previously approved by the Court or approved by this Order;

NOW, THEREFORE, upon the reading and filing of: (1) the Memorandum of Law in Support of Lead Plaintiff's Motion for Distribution of the Net Settlement Fund; (2) the supporting Declaration of Lawrence D. Levit in Support of Lead Plaintiff's Motion for Distribution of the Net Settlement Fund, which includes as an exhibit the Declaration of Dawn M. Cody of Angeion Group in Support of Lead Plaintiff's Motion for Distribution of the Net Settlement Fund (the "Cody Decl.") and the exhibits attached thereto; and (3) upon all prior proceedings heretofore, and after due deliberation, and There being no opposition filed; and for good cause as demonstrated in Lead Plaintiff's Brief in Support and The Declaration of Dawn M. Cody of Angeion Group (D.E. 66-2, 66-4); and The Court having received no objections or opposition from any Settlement Class Member. See also Brief in Support, D.E. 66-2, at 4.

IT IS HEREBY ORDERED that:

1.    All terms used in this Order shall have the same meanings as defined in the Stipulation, the Notice or the Cody Decl.

2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action including all Settlement Class Members.

3.    Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is approved. Accordingly:

(a)    The administrative determinations of the Court-appointed Claims Administrator Angeion to accept the timely submitted eligible claims submitted in connection with the Settlement of this Action, as set forth in Part One of Exhibit D to the Cody Decl., and the late but otherwise eligible claims, as set forth in Part Two of Exhibit D to the Cody Decl., are approved; ⌐ up to the date of July 30, 2025

(b)    The Claims Administrator's administrative recommendations to reject wholly ineligible claims, including deficient or duplicative claims, and those claims with no Recognized Loss, as set forth in Parts Three and Four, respectively, of Exhibit D to the Cody Decl., are approved;

(c)    Angeion is directed to conduct an initial distribution of the Net Settlement Fund to all Authorized Claimants listed in Exhibits D-1 and D-2 to the Cody Decl., as calculated under the Plan of Allocation, whose Proofs of Claim have been accepted as valid by Angeion and approved by the Court, after deducting all payments previously allowed from the Settlement Fund and the payments approved

4

by this Order, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, while maintaining a 10% reserve of the amount remaining in the Net Settlement Fund (the "Reserve") for any tax liability and claims administration-related contingencies that may arise;

(d)    In order to encourage Authorized Claimants to cash their distribution checks promptly and to avoid or reduce future expenses relating to uncashed checks, all distribution checks shall bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN SIX (6) MONTHS FROM THE ISSUE DATE." The Claims Administrator is authorized to take appropriate action to locate and/or contact any Authorized Claimant who initially fails to cash their distribution check;

(e)    Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement and the funds allocated to all stale-dated checks will be available to be distributed to other Authorized Claimants in a redistribution. After the Claims Administrator has made reasonable and diligent efforts to encourage Authorized Claimants to cash their distribution checks, any balance remaining in the Net Settlement Fund, by reason of uncashed checks, or otherwise, including those funds remaining in the Reserve, no less than six (6) months after the initial distribution will be redistributed to Authorized Claimants who have cashed their distribution checks and who would

5

receive at least $20.00 from such redistribution, if, after consulting with Lead Counsel, the Claims Administrator and Lead Counsel determine that a redistribution is cost-effective and is an equitable and an efficient use of the remaining funds. The redistribution shall be conducted in the same manner consistent with the Plan of Allocation, after deducting any unpaid costs or fees incurred in administering the Net Settlement Fund, including the costs for such redistribution, and for any estimated taxes or the cost of preparing tax returns, and subject to the same conditions, may occur thereafter in at least 90-day intervals until Lead Counsel, in consultation with Angeion, determines that a further redistribution is not cost-effective or is not an equitable and efficient use of the funds. Thereafter, if any funds remain in the Net Settlement Fund at least 90 days after the last redistribution, then such balance shall be donated, pursuant to the doctrine of *cy pres*, after payment of any further administration expenses and taxes, to the Institute for Investor Protection, Loyola University Chicago School of Law or another next-best similar organization that is a non-sectarian charitable organization(s) certified under the United States Internal Revenue Code § 501(c);

(f)      The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all Persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the processing of

6

the Proofs of Claim filed in this Action, or who were otherwise involved in the administration, taxation or distribution of the Settlement Fund or the Net Settlement Fund, including Lead Plaintiff, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel, are released from any and all claims arising out of such involvement and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration, taxation or distribution of the Settlement or the Net Settlement Fund, beyond the amount allocated to Authorized Claimants;

(g)     The payment of $139,273.31 to the Claims Administrator from the Net Settlement Fund for the balance of its fees and expenses in connection with the services performed in processing the Proofs of Claim and in administering the Settlement is approved, and Lead Counsel is directed to approve payment from the Net Settlement Fund to the Claims Administrator, without further order of the Court, an amount of up to $13,020.64 for the fees and costs the Claims Administrator incurs in connection with performing the work to complete the distribution and administration process; and

7

(h)    The Claims Administrator is authorized to destroy the claim forms, all supporting documentation, and records in paper form one year after final distribution of the Net Settlement Fund and to destroy the claim forms, all supporting documentation, and records in electronic form three years after final distribution of the Net Settlement Fund.

4.    This Court retains jurisdiction over this Action and all parties hereto and any further application or matter which may arise in connection with this Action and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED

this ___3ᵉᵈ___ day of ___March___, 2026

_____
U.S.M.J.

8